NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

NO. 30016

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

Electronically Filed
Intermediate Court of Appeals
30016
27-SEP-2010
10:23 AM

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JEFFREY R. BLAGUS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NO. 06-1-0424(2))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Jeffrey R. Blagus (Blagus) appeals from the Order of Resentencing/Revocation of Probation issued by the Circuit Court of the Second Circuit (circuit court)[1] on July 23, 2009, resentencing Blagus to five years in prison with credit for time served for violating his probation.

On appeal, Blagus contends that (1) the circuit court abused its discretion in revoking his probation because he used marijuana, despite evidence of medical need, and (2) it was plainly erroneous for a judge other than the trial judge to preside over his probation revocation hearing.[2]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Blagus's points of error as follows:

I.   THE CIRCUIT COURT DID NOT ABUSE ITS DISCRETION IN REVOKING BLAGUS'S PROBATION

In Hawai'i, a court "shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the [probation] order or has been convicted of a felony." HAW. REV. STAT. § 706-625 (Supp.

---

[1]    The Honorable Shackley F. Raffetto presided over Blagus's July 23, 2009 probation revocation hearing and resentencing.

[2]    The Honorable Richard T. Bissen, Jr. presided over Blagus's January 17, 2007 no contest plea and the related March 9, 2007 judgment and original sentencing.

2009).  *See State v. Lazar*, 82 Hawai'i 441, 443, 922 P.2d 1054, 1056 (App. 1996) (affirming probation revocation when defendant left drug rehabilitation program in order to see his ex-wife after receiving divorce papers); *State v. Nakamura*, 59 Haw. 378, 581 P.2d 759 (1978) (reversing probation revocation based upon defendant's failure to report to third-party substance abuse treatment center for a few hours after being released from prison).

"[P]robation has historically been regarded as 'a matter of grace or privilege and not a matter of right.'" *State v. Vincent*, No. 27357, 2009 WL 120308, at *2 (Hawai'i App. Jan. 20, 2009) (citing *State v. Bernades*, 71 Haw. 485, 489, 795 P.2d 842, 846 (1990)).  "Whether probation should be granted, revoked, or modified lies solely within the discretion of the sentencing court.  The only question before this court on review is whether or not there has been an abuse of that judicial discretion." *State v. Huggett*, 55 Haw. 632, 635, 525 P.2d 1119, 1122 (1974). "[W]here the record reflects justifiable cause for the revocation or the modification of probation terms, the trial court's determination will be sustained." *Id.* at 636, 525 P.2d at 1122 (probation modification of ten months' jail confinement vacated when probationer moved to Hilo without informing his probation officer in violation of his probation terms).

Blagus was prohibited "from the use of alcohol or any narcotic drug or controlled substance without a prescription" by the terms of previous probation orders issued in 2007 and 2008.[3] Marijuana is a Schedule I, Controlled Substance under Hawai'i law.  HAW. REV. STAT. § 329-14(d)(20) (Supp. 2009).  As such, Blagus's October 2008 and January 2009 use of marijuana amounted

---

[3]      Blagus was initially sentenced on March 9, 2007 to five years probation after pleading no contest to the charge of terroristic threatening in the first degree.  (2007 Probation Order)  According to the court, Blagus's record showed sixteen prior convictions.  Included among the terms of his 2007 Probation Order was a requirement that he refrain from using alcohol or any narcotic drug or controlled substance without a prescription.  On October 29, 2008, Blagus tested positive for and admitted to using marijuana.  On October 31, 2008, Judge Raffetto presided over a hearing on the State's request to modify or revoke Blagus's probation.  On November 12, 2008, Judge Raffetto found that Blagus had inexcusably failed to comply with the terms of his probation and modified his sentence to include fourteen days of incarceration. (2008 Probation Modification Order)

to violations of the 2007 Probation Order and 2008 Probation Modification Order, respectively.

While Blagus concedes that he violated the 2007 Probation Order and the 2008 Probation Modification Order, he contends that the evidence establishes that he "qualified for medical marijuana" under chapter 329, Hawaii Revised Statutes, and that, as such, his "actions do not rise to the level of inexcusable or substantial, the statutory requirement to revoke probation." We disagree.

A court may revoke a defendant's probation based on the defendant's violation of a probationary term prohibiting drug or alcohol use. *See State v. Perry*, 93 Hawai'i 189, 192-194, 998 P.2d 70, 73-75 (App. 2000) (probation revocation was proper when defendant had, among other things, used marijuana in violation of the terms of his probation); *Vincent*, 2009 WL 120308 at *2 (the medical-use-of-marijuana law "does not prohibit a court from imposing conditions prohibiting marijuana use on a person sentenced for a drug offense"). Blagus neither established an entitlement to the medical use of marijuana, HAW. REV. STAT. § 329-122(a) (Supp. 2009), nor did he petition the court to amend the terms of his probation.

In sum, Blagus failed to comply with a substantial requirement imposed as a condition of his probation when he tested positive for the use of marijuana. His failure to comply with the requirement that he refrain from the use of any controlled substance without a prescription was inexcusable under the circumstances. As a result, the circuit court did not abuse its discretion in revoking Blagus's probation.

II. IT WAS NOT PLAINLY ERRONEOUS FOR A JUDGE OTHER THAN THE
    TRIAL JUDGE TO RESENTENCE BLAGUS

It was not plainly erroneous for Judge Raffetto to preside over Blagus's 2009 probation revocation hearing. Although, in the Hawai'i circuit courts, "the sentencing judge is generally also the trial judge," *State v. Valera*, 74 Haw. 424, 432 n.5, 848 P.2d 376, 380 n.5 (1993), variation from this general practice under the circumstances does not "seriously

affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." *State v. Vanstory*, 91 Hawai'i 33, 42, 979 P.2d 1059, 1068 (1999) (internal quotation marks omitted) (quoting *State v. Sawyer*, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998).

In addition, a probation revocation hearing is fundamentally different from an initial sentencing hearing. Both *Valera* and Rule 25(b), Hawai'i Rules of Penal Procedure,[4] illustrate that the practice of the trial judge conducting the sentencing applies to the initial sentencing. An initial sentence is based, in large part, on information provided and determined during trial. *See Valera*, 74 Haw. at 436, 848 P.2d at 381 ("A sentencing judge is still required to impose a 'fair, proper, and just sentence,' based upon the crime of which the defendant was convicted . . . [based upon] the evidence presented at trial." (citation omitted)); HAW. REV. STAT. § 706-606(1)-(2) (1993).

Probation revocation, on the other hand, is largely based on the subsequent actions of the probationer, with the merits of the underlying sentence assumed. *See State v. Viloria*, 70 Haw. 58, 61-62, 759 P.2d 1376, 1378-79 (1988) (generally, probation violation requiring revocation of probation "indicates that the probationer has not yet received the full rehabilitative benefit that probation is designed to induce"); *Huggett*, 55 Haw. at 635, 525 P.2d at 1122 (defendant's "post-sentencing conduct is always a relevant factor in revocation or modification proceedings"); HAW. REV. STAT. § 706-625(3).

---

[4] The rules of penal procedure provide:

"If by reason of absence from the State, death, sickness or other disability, including retirement or disqualification, the judge before whom the defendant has been tried is unable to perform the duties to be performed by the court after a verdict or finding of guilt, any other judge regularly sitting in or assigned to the court may perform those duties; but if such other judge is satisfied tht he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial.

Haw. R. Pen. P. 25(b) (1977).

In this case, there was no "trial judge" as Blagus pled no contest to the original charge and subsequently admitted to the probation violations. There is no evidence that the pre-sentencing reports, including the bail study and the presentence diagnosis report, which are a part of the record on appeal, were unavailable to Judge Raffetto. In addition, Judge Raffetto conducted an evidentiary hearing on the order to show cause before revoking Blagus's probation. Thus, it was not plainly erroneous for Judge Raffetto to preside over the 2009 probation revocation/modification proceeding.

III. CONCLUSION

For the foregoing reasons, the circuit court's July 23, 2009 Order of Resentencing/Revocation of Probation is affirmed.

DATED: Honolulu, Hawai'i, September 27, 2010.

On the briefs:

Matthew S. Kohm
for Defendant-Appellant.

Kristin L. Coccaro,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

5